[No. 1539-3.    Division Three.    May 26, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. CLINTON HOWARD JOHNSON, *Appellant.*

*Clark M. Jennings,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* for respondent.

GREEN, J.—The sole question presented is whether the trial court abused its discretion in dispensing with a presentence investigation under CrR 7.2(a) prior to sentencing defendant to the division of institutions.

Defendant, age 18, was charged with the crime of taking

and riding in a motor vehicle without the owner's permission on April 3, 1975. He appeared before the court on April 10, 1975, for the purpose of entering a plea of guilty. At that time, the court stated that because of defendant's extensive juvenile record, it was not inclined to order a presentence investigation. Nevertheless, the court continued the matter for 1 week to give defendant an opportunity to convince the court that such an investigation should be ordered.

On April 17, 1975, defense counsel represented that (1) the present charge was defendant's first *adult* offense, (2) defendant's past environment was questionable, (3) defendant had a possible job waiting for him, (4) a work-release program was available, and (5) the prosecutor would not oppose the work-release program provided such was recommended in the presentence report and defendant passed the screening committee. The State presented the court with the Yakima Police Department record of defendant's juvenile activities which showed that during the 3 previous years defendant had committed six possible felonies and was institutionalized on three occasions. The record showed he escaped from the institution, stealing a vehicle to assist his flight. Some of the possible felonies occurred while he was employed: theft from a customer, burglary of his employer's business, and theft from vehicles parked at his employer's establishment. Based upon this record and a subsequent confirming letter from the juvenile probation officer, the court determined that a presentence investigation would be of no practical use due to defendant's continuous history of criminal activity. He was then sentenced to the institution for not more than 10 years. Defendant contends that the court's failure to order a presentence investigation was an abuse of discretion. We disagree.

CrR 7.2(a) provides:

> The court shall order the Department of Social and Health Services, Division of Institutions, to make a presentence investigation and report to the court before the

imposition of sentence or the granting of probation, *except* that the court may dispense with a presentence report if:

(5) the court finds in writing, with reasons stated, that the report would be of no practical use.

(Italics ours.)

In dispensing with the presentence investigation, the court complied precisely with this rule, and stated:

The court finds from an examination of the defendant and his prior criminal record as a juvenile that a presentence investigation report would be of no practical use to the court. The reason for this conclusion is that in view of the previous criminal record of the defendant as a juvenile the court would not consider him eligible for probation.

We find no abuse of discretion in the determination to dispense with the presentence investigation. The finding and reasons set forth in compliance with the rule are supported by the record.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.